**IN THE SUPERIOR COURT OF GUAM**

KORASAN LLC dba MODA GINO'S,

Plaintiff,

vs.

PAUL'S GUAM, INC., PICHET "PAUL" SACHDEJ, and AMARJIT "JIM" SACHDEV,

Defendants.

Superior Court Case No. <u>CV0755-17</u>

**DECISION AND ORDER RE PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**

This Court addresses whether and to what extent to sanction Defendants Paul's Guam, Inc., Pichet "Paul" Sachdej, and Amarjit "Jim" Sachdev for discovery violations. Having considered the parties' arguments and relevant law, the Court GRANTS Plaintiff Korasan LLC dba Moda Gino's Motion for Discovery Sanctions, finds Defendants in contempt, and imposes attorney's fees and costs and a fine of $500.00.

I. **PROCEDURAL HISTORY**

The parties' most recent discovery dispute concerns the impact of Defendants' August 7, 2019 disclosure of 2,705 pages of documents Korasan claims it has been requesting since 2017 and which Defendants claim they did not believe they had a duty to disclose. The documents allegedly contain "Missing Sales Data"--financial statements and economic data on Defendants' business. Mot. at 6 (Oct. 22, 2019).

Discovery ended on February 28, 2018. Sched. Order at 2 (Sept. 5, 2017). However, the parties stipulated to extend the expert report due date to June 22, 2018. Stip. Order Extension at

**ORIGINAL**

¶ 5 (Apr. 5, 2018). As part of that stipulation, the parties had "no later than March 15, 2018 to complete the production and service of invoices for inventory orders." *Id.* at ¶ 1. The parties later further stipulated that "each parties' respective financial statements, economic data, or other documents provided to, or relied upon by, their respective expert witness will be disclosed and turned over to opposing counsel(s) within five (5) days...." Stip. Extend Time Re: Expert Witness at ¶ 2 (May 4, 2018). Defendants failed to produce the economic data Korasan sought. Mot. at 7.

Accordingly, the Court's January 3, 2019 Decision and Order required Defendants to produce the following documents within five days or risk their exclusion at trial: (1) financial statements and economic data relied upon by Defendants' expert, Barry Wilson; (2) Korasan's Request Nos. 10, 11, 12, 13, 7[1] ("Requests"); and (3) Defendants' 2012 Tax Returns and any other tax returns relied upon by Wilson for his report. Defendants did not disclose any documents in response to the Court's order within five days, and Korasan still seeks responses from Defendants as to its Requests and Defendants' net worth.

As a result, the Court's May 24, 2019 Decision and Order found that Defendants withheld data in violation of the discovery rules. It granted Korasan's request to exclude all parts of Wilson's report that rely on or are related to evidence not provided by Defendants to Korasan. Dec. and Order re Mot. Limine at 3 (May 24, 2019).

## II.   **LAW AND DISCUSSION**

The parties do not dispute that Defendants withheld data. Instead, Defendants claim the data they withheld was not relevant and not relied upon by their expert to make his report, and therefore they had no duty to disclose the data they have now disclosed.

---

[1] Defendants refer to these same requests as Request Nos. 1, 2 , 3, 4, 7. Opp'n at 7 (Nov. 19, 2019).

ORIGINAL

However, the Court has already determined that Defendants have "withheld relevant information" concerning data relied upon by Wilson to formulate his report. Dec. and Order re Mot. Limine at 2. It therefore excluded any parts of Wilson's report that relies on evidence not provided to Defendants. *Id.* at 3. Defendants' August 7, 2019 disclosure of 2,705 pages of documents includes at least some of the data Korasan has been seeking.

Moreover, Defendants continue to withhold data. As previously determined by the Court, Korasan's Requests "are reasonably calculated to lead to the discovery of admissible evidence," and Defendants had and continue to have a duty to disclose any responsive documents. Dec. and Order re Pl.'s Mot. Compel at 4 (Jan. 3, 2019). Any responsive documents are currently excluded from trial, but their production remains outstanding.

In light of these circumstances, the Court must now determine whether it should order further sanctions against Defendants for their blatant abuse of the discovery process.

Korasan asks the Court to strike Defendants' Answer and proceed to a damages-only hearing with Defendants precluded from offering any witnesses or documents. Mot. at 18. In the alternative, Korasan requests attorney's fees and costs incurred for the following legal services that Korasan alleges would either not have occurred or would have proceeded very differently but for Defendants' data withholding:

1. February 23, 2018, disposition of Amarjit Sachdev;

2. March 1, 2018, deposition of Pichet Sachdej;

3. Two Beacon Expert Witness Reports by Plaintiff's expert, Rene Hlousek, to calculate precise money damages due from Defendants in lieu of any sales data from Defendants;

4. July 17, 2018 Motion to Compel;

ORIGINAL

5. Korasan's October 5, 2018 Motion to Vacate Discovery Cut-Off;

6. Korasan's February 22, 2019 Motion for an Order in Limine [No. 1];

7. Korasan's July 19, 2019 Motion for an Order in Limine [No. 2];

8. Korasan's instant Motion for Discovery Sanctions.

Mot. at 1-5.[2]

Under Guam Rule of Civil Procedure 37, the Court has broad discretion to remedy discovery violations. It may order Defendants to pay Korasan's expenses, burden-shift, exclude pleadings, testimony, or other evidence, dismiss the action or render a judgment against Defendants, and may inform the jury of the failure to make the disclosure. GRCP 37(c). In determining which sanction to impose, "[a] court may consider the nature and severity of the violation, the prejudice to the opposing party, and any other factors it deems appropriate." *Allstate Ins. Co. v. Dooley*, 243 P.3d 197, 203 (Alaska 2010).

Given the Court's strong policy in favor of deciding cases on the merits and finding that it can calculate a reasonable estimate of damages caused by Defendants' delayed production, it declines to strike Defendants' Answer and proceed to a damages-only hearing. Instead, it GRANTS Korasan's request for attorney's fees and costs. By doing so, the Court remedies the financial consequences of concealment and reinforces to Defendants the importance of abiding by the discovery rules. However, the Court will not grant attorney's fees for all of Korasan's itemized services.

Though Korasan claims it originally asked for the missing sales data in October 2017,[3] discovery ended on February 28, 2018. Sched. Order at 2. Defendants also had "no later than

---

[2] Korasan itemizes eleven different procedures it wishes to collect on in its Motion, but the Court addresses those not included in this list separately--Defendants' failure to respond to Korasan's Requests, Korasan's request for Defendants' net worth, and Defendants' discovery cut-off violations. Mot. at 3-4.

[3] Initial disclosures were due by October 17, 2017. Sched. Order (Sept. 5, 2019).

ORIGINAL

March 15, 2018 to complete the production and service of invoices for inventory orders." Stip. Order Extension at ¶ 1. Korasan therefore deposed Defendants Amarjit and Pichet knowing it was missing sales data but chose to proceed anyway. Because the missing data did not affect Korasan's choice to depose Amarjit and Pichet, the Court declines to grant attorney's fees for the work done on those depositions.

As to Korasan's other itemized services, the Court agrees with Korasan that they would likely have been unnecessary but for Defendants' data withholding. Korasan may therefore submit a statement of fees and costs in connection with its work on the aforementioned services numbered three through eight.

The Court now addresses Defendants' outstanding discovery obligations, namely, Korasan's Requests. Mot. at 3-4. Again, the Court has already determined that the Requests are relevant and necessary for the case. Dec. and Order re Pl.'s Mot. Compel at 4. Despite Defendants' contention that the April 5 and May 4 Stipulations waived their obligations to disclose this data, the Court has reviewed the Stipulations and disagrees. Accordingly, Defendants' continued failure to disclose this information is a further violation of the Guam Rules of Civil Procedure on discovery, the Court's applicable Decision and Orders, and the parties' Scheduling Order.

The Court first discusses evidence of Defendants' net worth. Dec. and Order re Pl.'s Mot. Compel at 5; Mot. at 3-4. Defendants continue to contend that Wilson did not rely on that information to formulate his report so they do not have to disclose it. Opp'n at 15-16 (Nov. 19, 2019). However, the Court can no longer rely on Defendants' representations and ORDERS Defendants to disclose their net worth to Korasan.

ORIGINAL

Overall, Defendants' late disclosure of relevant information and outstanding discovery obligations not only violates discovery rules but signifies contempt of court. To hold a party in contempt, there must be (1) a valid order, (2) knowledge of the order, (3) the ability to comply with the order, and (4) a willful failure to comply with the order. *Lamb v. Hoffman*, 2008 Guam 2 ¶ 44.

The orders at issue here are the Court's January 3 Decision and Order, May 24 Decision and Order, and the parties' May 8 Scheduling Order. *See Sammons v. Doctors for Emergency Servs., P.A.*, 913 A.2d 519, 528 (Del. 2006) (finding that scheduling orders are "not merely guidelines but have the same full force and effect as any other court order."). Defendants allege they lacked the ability to comply and/or misunderstood the applicable orders. The Court deals with each of these arguments in turn.

First, the Court finds Defendants' excuse that they could not comply with the Court's orders dubious. As stated previously, despite Defendants' protests, their recently disclosed documents contain information likely used by Wilson to formulate his report. Therefore, Defendants could comply with their discovery obligations from the date they hired Wilson. Regardless, they have had access to this data since at least 2017 but did not disclose it until August 2019--and the Court finds it highly unlikely that it took two years to compile.

Second, "a good faith belief that a party's interpretation of [an] order is correct may prevent a finding of willfulness for purposes of establishing contempt." *Lamb*, 2008 Guam 2 ¶ 52. A party acts in "good faith" when they take "all reasonable steps within [their] power to comply with the court's order." *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 70, 78 (D.D.C. 2003).

Defendants' actions show willful contempt because they admit to knowing about the relevant orders but accept the consequences of nondisclosure--i.e. exclusion of the evidence at trial. Opp'n at 17. They therefore knew they had a duty to disclose the information but instead chose not to, in violation of their discovery obligations and the Court's orders. Moreover, they continue to violate the Court's orders by refusing to respond to Korasan's Requests.

The Court therefore finds Defendants in contempt of court. "Any person found guilty of contempt of court pursuant to § 34102(b) is subject to the same penalties as a person found guilty of a petty misdemeanor." 7 GCA § 34101(b); *Lamb*, 2008 Guam 2 ¶ 15. Penalties for conviction of a petty misdemeanor include imprisonment for not more than sixty days, a fine of $500, or "[a]ny higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender." 9 GCA § 80.34(b), 80.50(e). Based on Defendants' failure to comply with Court orders, the Court ORDERS Defendants pay a fine of $500, payable to the Court.

The Court also notes that it is running out of ways to remedy Defendants' discovery violations. If Defendants continue to violate their discovery obligations and the Court's orders, it will strongly consider Korasan's request to strike Defendants' Answer and proceed to a damages-only hearing.[4]

Finally, the Court addresses Korasan's document dump allegation. Korasan alleges Defendants' 2,705 pages did not include a table of contents, index, or pagination and should be separately sanctioned as a violation of Rule 34(b). Rule 34(b) orders a party to produce documents "as they are kept in the usual course of business or shall organize and label them to

---

[4] The Court reminds the parties that it defers on the issue of whether to include a jury instruction concerning Defendants' failure to disclose relevant information until the parties submit proposed jury instructions. Dec. and Order re Mot. Limine at 3.

ORIGINAL

correspond with the categories in the request." Though document dumps may adversely affect the opposing party by hindering their ability to prepare for trial, that is not the case here because Defendants and Korasan have indicated that they do not plan on using any of the documents at trial. The Court therefore declines to sanction Defendants' alleged document dump.

## III.    CONCLUSION

The Court partially GRANTS Korasan's request for attorney's fees and costs. It may submit a statement of fees and costs within 14 days of this Order.

The Court further ORDERS Defendants to disclose to Korasan their net worth, again ORDERS them to produce responsive documents to Korasan's Requests, and ORDERS them to pay the Court a fine of $500, all within 14 days of this Decision and Order.

The Court will hold a Status Hearing on February 12, 2020, at 9:00 a.m. to address the trial schedule.

SO ORDERED this 24th day of January 2020.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:    Daniel J. Berman for Korasan LLC dba Moda Gino's
Carlos L. Taitano for Paul's Guam, Inc., Pichet "Paul" Sachdej, and Amarjit "Jim" Sachdev

SE:    "A CC    "Y
I acknowledge that a copy of the original hereto was placed in the court box of:
Berman;
Taitano, Carlos
Date: 1·24·20 Time: 4:46pm
/0~
~lk, Superior Court of Guam

ORIGINAL